| | |
|---|---|
| THERESA G. JENKINS, | ) |
| | ) Appeal No. |
| Plaintiff-Appellant, | ) 01A01-9809-CV-00514 |
| | ) |
| v. | ) |
| | ) Davidson Circuit |
| LIONEL R. BARRETT, JR., and | ) |
| JOHN G. OLIVA, | ) |
| | ) |
| Defendants-Appellees. | ) |

**FILED**

June 2, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

APPEALED FROM THE CIRCUIT COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE LEE RUSSELL, JUDGE BY DESIGNATION

WM. KENNERLY BURGER,
Suntrust Bank Building, Suite 306
201 E. Main Street,
P.O. Box 1969
Murfreesboro, TN 37133-1969
        Attorney for Plaintiff-Appellant

DARRELL G. TOWNSEND and DERRICK C. SMITH
HOWELL & FISHER, PLLC
Court Square Building
300 James Robertson Parkway.
Nashville, Tennessee  37201-1107
        Attorneys for Defendants-Appellees

REVERSED AND REMANDED

HERSCHEL P. FRANKS, JUDGE

CONCUR:
GODDARD, P.J.
CAIN, J.

The appellant states the issue before this Court thus:

A single, narrow issue is presented for consideration in this appeal: Does material evidence within the meaning of Rule 13d, appear in the record which supports the jury's verdict of $140,000.00 in compensatory damages, and, if so, did the trial court erroneously grant a new trial?

The case history demonstrates that this issue is not properly before the Court for consideration.

This action alleging legal malpractice was filed on December 14, 1988. Subsequently, the case was tried before Judge Julian Guinn and a jury. The jury returned a verdict of $140,000.00 against the defendant, and Judge Guinn, acting on the defendants' motion for a new trial, granted a new trial on the issue of damage only, having previously directed a verdict in favor of the plaintiff on defendants' negligence.

Judge Guinn thereupon recused himself, and Judge Lee Russell was designated to preside over the new trial. Judge Russell entered a series of pre-trial orders, and plaintiff appealed from Judge Russell's order of June 5, 1997.

This Court, in considering plaintiff's appeal, said in its order:

A party is entitled to an appeal as of right only after the Trial Court has entered a final order that resolves all claims between the parties. Tennessee Rules of Appellate Procedure 3(a). Where it is clear from the record that the Trial Court's order does not actually resolve all the claims between the parties, neither the Trial Court's findings that all the issues have been resolved, nor the parties' agreement that all matters have been concluded, will create a final order. This order is not final because the Trial Court has neither granted the plaintiff a judgment nor dismissed the complaint. A party may not waive his right to proceed to trial in order to have an immediate appellate review of an order granting a new trial.

Upon remand to the Trial Court, the Trial Judge entered the following order on September 14, 1998:

JUDGMENT

Upon the above captioned matter being presented for further consideration by the Court on the 18th day of June 1998, and following the granting of a new trial pursuant to Rule 59 of the Tennessee Rules of Civil Procedure, the Court, sitting without the intervention of a jury, orders, adjudges and decrees that the above captioned matter be, and hereby is, dismissed, with the costs equally divided between the parties.

Notice of appeal was given and the appeal is now before this Court. The foregoing order sets forth no grounds to dismiss the case, nor does the record contain a basis to authorize the Trial Judge to dismiss this action. There is nothing in the record to comport with either a voluntary dismissal or an involuntary dismissal as authorized in Rules of Civil Procedure, Rule 41. Accordingly, it was error for the Trial Judge to dismiss this action,[1] and the cause will be reinstated and remanded to the Trial Court for further proceedings.

The order of this Court filed on October 16, 1997 is the law of the case. The Court said, in pertinent part:

This order [appealed from] is not final because the Trial Court has neither granted the plaintiff a judgment, nor dismissed the complaint. A party may not waive his right to proceed to trial in order to have an immediate appellate review of an order granting a new trial.

Upon our holding that the Trial Judge erroneously dismissed the complaint, the status of the case is as it was when this Court entered its order on the prior appeal, and as that order states, the plaintiff cannot waive her right to proceed to trial in order to have an immediate review of the order granting a new trial.

The judgment of the Trial Court is reversed and the cause reinstated

---

[1]In fairness to Judge Russell, we note that counsel during oral arguments candidly stated that he asked the Judge to dismiss the case. Under all of the circumstances, we are not inclined to deny relief to the party responsible for the error. *See* Rule 36(a), T.R.A.P.

and remanded with instructions that the parties proceed in accordance with this opinion. The costs are assessed to the plaintiff.

_____
Herschel P. Franks, J.

CONCUR:


_____
Houston M. Goddard, P.J.


_____
William B. Cain, J.

4